NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ANTHONY P., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, B.K., *Appellees*.

No. 1 CA-JV 15-0175
FILED 12-8-2015

Appeal from the Superior Court in Maricopa County
No. JD27756
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee DCS*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge John C. Gemmill joined.

J O H N S E N, Judge:

¶1         Anthony P. ("Father") appeals the superior court's order terminating his parental rights.  For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2         Father is the parent of a child ("Child") born in January 2014 substance-exposed due to her mother's use of illegal substances.  The Department of Child Safety ("DCS") took Child into custody soon after her birth and filed a dependency petition based on substance abuse and neglect.[1]  Father was incarcerated on January 20, 2014, soon after Child was born.  He was released on bond for several months in the spring of 2014, and then was sentenced to 2.5 years' incarceration in July 2014 on drug-related charges, with an expected release in December 2016 and a possible early release in May 2016.

¶3         At the initial dependency hearing in March 2014, Child was found dependent as to her mother based on neglect due to substance abuse, and Child was placed in foster care.  The court found Child dependent as to Father in April 2014.  In November 2014, the superior court changed the case plan to severance and adoption, and DCS moved to terminate parental rights.  The court granted the motion as to Child's mother; she is not a party to this appeal.  After a contested severance trial, the court terminated Father's parental rights due to his incarceration, pursuant to Arizona Revised Statutes ("A.R.S.") section 8-533(B)(4) (2015).[2]

¶4         Father timely appealed.  We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, A.R.S. §§ 8-235(A) (2015),

---

[1]         Pursuant to S.B. 1001, Section 157, 51st Leg., 2d Spec. Sess. (Ariz. 2014) (enacted), the Department of Child Safety is substituted for the Arizona Department of Economic Security in this matter.  *See* ARCAP 27.

[2]         Absent material revision after the relevant date, we cite a statute's current version.

12-2101 (2015) and Rule 103(A) of the Arizona Rules of Procedure for the Juvenile Court.

## DISCUSSION

**¶5**        The right to custody of one's child is fundamental, but it is not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11–12 (2000). The superior court may terminate a parent-child relationship upon clear and convincing evidence of at least one of the statutory grounds set out in A.R.S. § 8–533(B). *Michael J.*, 196 Ariz. at 249, ¶ 12. Additionally, the court must find by a preponderance of the evidence that termination is in the child's best interests. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005). We review a termination order for an abuse of discretion. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).

**¶6**        Section 8-533(B)(4) provides that a parent's rights may be terminated if "the parent is deprived of civil liberties due to the conviction of a felony . . . [and] the sentence of that parent is of such length that the child will be deprived of a normal home for a period of years." On appeal, Father argues the superior court abused its discretion in finding Child would be deprived of a normal home for a period of years.

**¶7**        In *Michael J.*, our supreme court set out a non-exclusive list of factors for courts to consider in determining whether a parent's prison sentence will deprive a child of "a normal home for a period of years":

> (1) the length and strength of any parent-child relationship existing when incarceration begins, (2) the degree to which the parent-child relationship can be continued and nurtured during the incarceration, (3) the age of the child and the relationship between the child's age and the likelihood that incarceration will deprive the child of a normal home, (4) the length of the sentence, (5) the availability of another parent to provide a normal home life, and (6) the effect of the deprivation of a parental presence on the child at issue.

196 Ariz. at 251–52, ¶ 29.

**¶8**        Father argues insufficient evidence supported the court's determination that his incarceration would deprive Child of a normal home for a period of years. Because the superior court is in the best position to "weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings," we must accept its findings of fact unless

no reasonable evidence supports them. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).

¶9 Father argues the superior court did not sufficiently take into account the extent of his relationship with Child. He contends he went to great lengths to visit Child prior to his incarceration, while he was released on bail, and even while he was in prison. At trial, Father testified he visited Child in the hospital every day for approximately two weeks after she was born. He visited Child approximately 10-15 times while he was released on bond, and arranged a visit with Child on one occasion while he was incarcerated.

¶10 There is no indication, however, that the superior court failed to consider Father's efforts when it made its determination. Father's efforts to visit Child notwithstanding, the evidence established that Father had been incarcerated for most of Child's life. Father admitted that he had not developed a strong relationship with Child before his incarceration and that he was incapable of nurturing or maintaining a relationship with Child while incarcerated. As such, reasonable evidence supported the court's finding that Father did not have a strong parent-child relationship with Child and would not have such a relationship for a period of years. Additionally, Child's mother's rights had been terminated, which further supported the court's finding that Father's incarceration would deprive Child of a normal home for a period of years.

¶11 Father also argues that the superior court erred in concluding that termination is in Child's best interests. A best-interests finding may be supported by evidence of an affirmative benefit or a detriment to the child should the relationship continue. *Jennifer B. v. Ariz. Dep't of Econ. Sec.*, 189 Ariz. 553, 557 (App. 1997). Being available for adoption is an affirmative benefit that can support a finding that termination is in a child's best interests. *See Maricopa County Juv. Action No. JS-501904*, 180 Ariz. 348, 352 (App. 1994). Whether severance is in a child's best interests is a question of fact for the superior court, and we view the evidence and draw all reasonable inferences from it in favor of supporting the superior court's findings. *Jesus M.*, 203 Ariz. at 282, ¶ 13.

¶12 Father argues that termination of his rights is detrimental to Child because retaining the parent-child relationship is in Child's best interests. Again, Father points to the time he spent with Child and his involvement in programs to show that he is attempting to better himself. Notwithstanding Father's contentions, the court heard evidence that Child is adoptable and would benefit from being adopted. Accordingly, there

was evidence supporting the court's determination that severance of Father's rights would be in Child's best interests.

## CONCLUSION

**¶13** Because sufficient evidence supported the court's order terminating Father's parental rights, we affirm the order.



Ruth A. Willingham · Clerk of the Court
FILED: ama